**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL BURDETTE-MILLER, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 1:18-cv-02187 |
| v. | ) ) | Hon. |
| WILLIAMS & FUDGE, INC., a South Carolina corporation, | ) ) ) | |
| *Defendant*. | ) ) ) | JURY TRIAL DEMANDED |

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff, Crystal Burdette-Miller, brings this Class Action Complaint & Demand for Jury Trial against Defendant, Williams & Fudge, Inc. ("W&F" or "Defendant"), to stop Defendant from unlawfully attempting to collect unenforceable debts and penalty fees from consumers, and to obtain redress for all those who have been harmed by Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to herself and her own acts and experiences, and as to all other matters, on information and belief, including an investigation by her attorneys.

**NATURE OF THE ACTION**

1.      Defendant is a national debt collector and debt servicing company, whose business primarily involves collecting debts and student loan payments from college and university students.

2.      In a misguided effort to increase its collections, Defendant threatens students with exorbitant, unenforceable financial penalties—often in excess of 33% of any underlying balance owed—and misrepresents the validity and enforceability of such penalty fees as a way of inducing

students to make payments.

3.     Moreover, Defendant routinely retains collections law firms to bring suit on behalf of its college and university clients, and seeks to recover exorbitant penalties through litigation even though Defendant's penalty fees are neither lawful nor enforceable as a matter of state or federal law.

4.     However, the students forced to defend Defendant's collection lawsuits are usually unaware that Defendant's penalties are unlawful and unenforceable, and they often cannot afford to retain an attorney to have the fees invalidated. Those students who do retain counsel incur substantial attorney's fees and court costs in defending against Defendant's efforts to saddle them with unlawful charges and penalties.

5.     Although courts have stricken Defendant's penalty fees as unenforceable in prior cases—including in a collection case against Plaintiff—Defendant has nonetheless continued its practice of attempting to impose penalty fees in excess of 33% on students, in many instances before even initiating a lawsuit to collect any purported debt, before incurring significant costs of collection, and without a court order approving such a fee.By charging students unlawful penalties on tuition and other education-related expenses, and causing them to incur costs and fees associated with litigation, Defendant's unlawful collection efforts have caused actual, concrete harm to Plaintiff and other similarly situated consumers. Defendant has also gained a windfall through collecting illegal and unenforceable penalty fees and recovering amounts far in excess of its actual costs of collection.

6.     In order to redress these injuries, Plaintiff brings this action on her own behalf and on behalf of similarly situated individuals, seeking declaratory relief and asserting claims against Defendant for breach of contract and for violating the federal Fair Debt Collection Practices Act,

15 U.S.C. 1692 *et seq.* (the "FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* (the "ICFA"). .

7.      On behalf of herself and the members of a proposed class defined below, Plaintiff seeks an injunction prohibiting Defendant from engaging in the unlawful collection activities described herein, an award of actual and statutory damages to the class members, and an award of costs and reasonable attorney's fees together with pre-judgment interest from the date of filing this Complaint.

## PARTIES

8.      Plaintiff, Crystal Burdette-Miller, is a natural person and a resident of Illinois.

9.      Defendant, Williams & Fudge, Inc., is a South Carolina corporation with its principal place of business in South Carolina.

## JURISDICTION & VENUE

10.      This Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims arising under the laws of the United States, namely, the FDCPA, 15 U.S.C. § 1692 *et seq.* This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because they are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.      This Court has also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because this case is a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; and at least one putative class member is a citizen of a state other than Defendant's state of citizenship.

12.     The Court may assert personal jurisdiction over Defendant, because Defendant does business within this State and transacts business within this state such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as evidenced by Defendant retaining a Chicago-based law firm to bring an unlawful collection action against Plaintiff in Cook County.

## ALLEGATIONS COMMON TO ALL COUNTS

14.     Defendant is a national debt collector and debt servicing company that partners with colleges and universities to collect education-related debts from college and university students, including student loans, tuition, and other miscellaneous charges like parking, room and board, and library fines.

15.     When partnering with a college or university, Defendant requires the educational institution to enter into a form agreement governing the collection of students' debts, an example of which is attached hereto as Exhibit A (hereinafter, the "Collections Contracts").

16.     Defendant's Collections Contracts are drafted by Defendant and contain largely identical material terms irrespective of the institutional counterparty thereto.

17.     Under its Collections Contracts, Defendant retains a certain portion of the amounts it collects from students as profit.

18.     In order to maximize the amounts it collects on students' purported debts, as well as its own profits, Defendant's Collections Contracts provide harsh financial penalties and add

exorbitant collection fees onto students' outstanding balances—whether or not the penalty fees are actually valid and enforceable under law—as a way of intimidating and inducing students into making payments.

19.     For instance, as an ordinary and routine business practice, Defendant imposes penalty fees in excess of 33% of a student's purported debt, adding the amount attributable to the penalty to the student's principal balance and then misrepresenting that the penalty is part of the total amount the student owes.

20.     In many cases, Defendant imposes these 33% fees on students before even initiating a lawsuit to collect any purported debt, before incurring significant costs of collection, and without a court order approving such a fee.

21.     Moreover, because Defendant sets its penalties at an arbitrarily high percentage, its fees are not rationally related to its anticipated costs of collection. Indeed, the fees Defendant assesses do not vary based on factors that might actually affect the costs of collection, such as delay in making payments, length of repayment, or other important factors.

22.     By way of example, a student who owed $12,000 in tuition could be charged a 33% penalty of $4,000, while a student who owed $6,000 in tuition who was assessed the same flat fee would only pay a penalty of $2,000. Although there is likely no difference in the actual cost of collecting a $12,000 debt compared to a $6,000 debt—all other things being equal—the student who owed $12,000 would nonetheless be charged a penalty twice as high as the student who owed $6,000.

23.     Defendant's penalty fees have a punitive effect on students, because they merely serve as a threat to secure performance, and do not satisfy the requirement that liquidated damages be reasonable in light of a non-breaching party's anticipated damages in the event of default. For

the same reasons, Defendant's penalties often improperly result in a windfall to Defendant.

24.    And although such fees are unenforceable, Defendant often attempts to collect penalties through lawsuits against its clients' former students, which require the students to invest time and money opposing enforcement of the unlawful fee.

25.    However, ordinary consumers are generally unaware that under federal and state law, the collections fees that Defendant seeks to recover as liquidated damages are actually unenforceable penalties. As such, many consumers unwittingly acquiesce to Defendant's collection efforts and the lawsuits it files to collect the unenforceable fees.

26.    And, even if a consumer realizes that he or she can seek to invalidate Defendant's unlawful fees, he or she is still likely to give in and pay some portion of the fee rather than fight the lawsuit, because he or she must still expend time, energy, and resources and subject himself or herself to the embarrassment of going into court to present the defense.

27.    This is particularly true in light of the significant costs of retaining an attorney to defend against one of Defendant's lawsuits.

28.    Forcing Plaintiff and other consumers to defend unlawful collection efforts wastes their time and money, and pending legal actions can also be a red flag to a consumer's other creditors or anyone who runs a background or credit check, including landlords and employers.

29.    Such collection efforts also pressure a consumer to pay back a purported debt informally or through settlement even where, as here, the debt is unenforceable or otherwise invalid.

### *Facts Specific to Plaintiff*

30.    Plaintiff was formerly a student at Lewis University, a private university located in Illinois. Lewis University presently has about 7,000 students enrolled.

- 6 -

31.     Lewis University is one of Defendant's clients and has entered into one of Defendant's form Collection Contracts. (Exh. A).

32.     On August 29, 2014, Defendant called Plaintiff on behalf of Lewis University, attempting to collect a debt purportedly owed to Lewis University. During the phone call, the following exchange occurred between Plaintiff and Defendant's representative:

> Defendant: I am a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose, and this call will be recorded. Crystal, we have your . . . um . . . your Lewis University account that was placed in collections on August sixth [08/06/2014]. The balance is seven thousand, three hundred, and forty-five dollars and thirty-three cents [$7,345.33]. We're reaching out to you to see how you wanted to get that resolved.

> Plaintiff: Because I don't owe them that much. I don't owe them anything, because I transferred when I was in school. I cancelled my classes with them and then I transferred, but I don't know what it . . . why they think I owe them some money.

33.     Plaintiff would later learn that, although Defendant represented during its communications to her that she owed $7,345.33, only $5,509.00 of the $7,345.33 purportedly due was attributable to allegedly unpaid tuition, and $1836.33—33% of the tuition—was a collection fee that Defendant added on for itself.

34.     Defendant added this 33% penalty fee even though Plaintiff's account had only just recently been placed with Defendant for collections and no lawsuit had been initiated against Plaintiff.

35.     On information and belief, Defendant, acting through its attorneys and on behalf of Lewis University, subsequently mailed Plaintiff a collection letter dated December 16, 2015, which stated that Plaintiff owed a purported debt to Lewis University in the amount of $7,345.33. (A true and accurate copy of Defendant's December 16, 2015 collection letter to Plaintiff is attached hereto as Exhibit B).

36.     Defendant's December 16 collection letter does not state how the purported debt

was incurred or what note or agreement obligates Plaintiff to pay that amount. Nor does Defendant's letter itemize the purported debt into separate amounts attributable to principal, interest, or collection fees.

### *Defendant's Unlawful Collection Lawsuit Against Plaintiff*

37.     Defendant retained Markoff Law, LLC, a Chicago-based debt collection law firm, to bring suit against Plaintiff.

38.     On January 21, 2016, Defendant, acting through its attorneys and on behalf of Lewis University, brought suit against Plaintiff in Cook County Municipal Court.

39.     Defendant's attorneys, acting on behalf of Lewis University, filed a six-paragraph Complaint asserting an unspecified cause of action against Plaintiff, alleging that she owed the University an outstanding balance of $7,345.33.

40.     According to an "Account Statement" that Defendant created and attached as an exhibit to Lewis University's Complaint, Plaintiff owed $5,509.00 in unpaid tuition and a collection fee of $1836.33.

41.     Defendant served Plaintiff with a summons directing her to appear by 2:30p.m. on February 17, 2016.

42.     Plaintiff subsequently filed her appearance by 2:30p.m. on February 17, 2016 and later retained defense counsel.

43.     Although Plaintiff timely filed her appearance, Defendant, in its eagerness to obtain a default judgment, obtained an entry of default and a default judgment against Plaintiff on February 17, 2016.

44.     Even so, Defendant, acting through its attorneys and on behalf of Lewis University, mailed a letter to Plaintiff's employer dated March 17, 2016, advising Plaintiff's employer that it

was "required to . . . [i]mmediately begin deductions from the employee's [Plaintiff's] pay." Defendant issued this letter even though Plaintiff had retained defense counsel and Lewis University had not obtained an order or judgment authorizing Plaintiff's wages to be garnished. (A true and accurate copy of Defendant's March 17 wage garnishment letter is attached hereto as Exhibit C).

45.     Plaintiff's defense counsel subsequently moved to vacate the entry of default.

46.     By court order entered March 30, 2016, the entry of default and default judgment against Plaintiff were vacated and the wage garnishment proceedings were dismissed. (A true and accurate copy of the March 30 order vacating the entry of default is attached hereto as Exhibit D).

47.     After the default was vacated, Plaintiff filed a combined motion seeking to dismiss Lewis University's complaint and to strike Defendant's 33% collection fee.

48.     Following briefing and argument on Plaintiff's combined motion to dismiss and strike, the court declined to dismiss the complaint. However, on September 28, 2016, the court entered a Trial Call Order striking the 33% fee, holding that it was an "unenforceable penalty." (A true and accurate copy of the September 28, 2016 Trial Call Order is attached hereto as Exhibit E).

49.     On April 4, 2017, Plaintiff filed an answer and affirmative defenses, and brought counterclaims against Defendant's client, Lewis University. Plaintiff brought two counterclaims against Lewis University: Count I asserted that Lewis's 33% collection agency fee is unlawful under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*; Count II sought a declaratory judgment in the form of a declaration that Defendant's 33% collection fee is unenforceable under Illinois contract law.

50.    On June 20, 2017, Lewis University moved to dismiss both of Plaintiff's counterclaims.

51.    Following full briefing and oral argument, on October 13, 2017, the court denied Lewis University's motion to dismiss and sustained both of Plaintiff's claims against Lewis University, holding that Plaintiff had sufficiently stated claims against Lewis University for violating the ICFA and for declaratory judgment.

52.    In attempting to collect unlawful penalties, causing unlawful collection suits to be filed against Plaintiff and other similarly situated students, and causing such individuals to waste time, effort, and money spent on attorney's fees and court costs defending against Defendant's unlawful collection efforts, Defendant has violated state and federal law and caused actual harm to Plaintiff and thousands of other consumers.

## CLASS ALLEGATIONS

53.    Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on her own behalf and on behalf of a class (the "Class") with two subclasses (the "Subclasses") defined as follows:

> The Class: All persons in the United States who, at any time within the applicable limitations period, were assessed an unlawful or unenforceable collection agency reimbursement fee pursuant to Defendant's Collections Contract.

> The Illinois Subclass: All persons who, at any time within the applicable limitations period, were assessed a collection agency reimbursement fee pursuant to Defendant's Collections Contract as part of Defendant's efforts to collect a purported debt in Illinois or a purported debt that arose in Illinois.

> The Wrongful Garnishment Subclass: All persons in the U.S.: (1) who were a defendant or judgment debtor named in wage deduction or garnishment proceedings initiated by or on behalf of Defendant; (2) during the period of two years prior to the commencement of this litigation through the present; and (3) such proceedings were terminated in the person's favor.

54. Excluded from the Class and Subclasses are any members of the judiciary assigned to preside over this matter; any officer, director, or employee of Defendant; and any immediate family member of such officer, director, or employee.

55. On information and belief, there are thousands of members of the Class and Subclasses, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclasses is unavailable to Plaintiff, the members of the Class and Subclasses can be easily identified through Defendant's records and/or Defendant's partners' records.

56. Plaintiff's claims are typical of the claims of the members of the Class and Subclasses she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class and Subclasses are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to all of the other members of the Class and Subclasses. As alleged herein, Plaintiff and the other members of the Class and Subclasses have all suffered damages as a result of Defendant's unlawful efforts to collect unenforceable penalties.

57. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclasses, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

     a. Whether the collections fees Defendant added to the purported debts of Plaintiff and the other members of the Class and Subclasses are unenforceable under state or federal law?

     b. Whether Defendant committed deceptive acts under the ICFA by representing to the members of the Class and Subclasses that they owed an additional collections

fees, when in reality the collections fees were arbitrary and bore no relationship to Defendant's actual damages or costs of collection?

c. Whether Defendant engaged in unfair acts and practices in violation of the ICFA when it imposed additional costs on consumers by charging them an unlawful penalty fees on any purportedly unpaid balance and bringing lawsuits to enforce those penalties, requiring the Class and Subclass members to waste time, incur court costs, and incur attorney's fees?

d. Whether Defendant committed false, misleading, or unfair acts under the FDCPA by attempting to collect unenforceable penalty fees from Plaintiff and the other members of the Class and Subclasses?

e. Whether Defendant should be enjoined from engaging in such conduct in the future?

f. Whether Defendant should be ordered to disgorge all collection fees collected on its behalf during the applicable limitations period?

58. Absent a class action, most members of the Class and Subclasses would find the cost of litigating their claims to be prohibitively expensive, and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

59. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclasses she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class

and Subclasses and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class and Subclasses.

60.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclasses, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclasses and making injunctive or corresponding declaratory relief appropriate for the Class and Subclasses as a whole.

**COUNT I**
**Common Law Breach of Contract**
**(on behalf of Plaintiff and the other Class members,**
**in the alternative to Counts III, IV, and V)**

61.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

62.     Defendant is engaged in business primarily for the purpose of collecting debts from students on behalf of numerous educational institutions throughout the country, including Lewis University.

63.     Defendant's collection efforts are carried out pursuant to the terms of its Collections Contracts with its educational institution clients.

64.     Defendant's Collections Contracts are form agreements based on a standard template that Defendant uses for all of its agreements with its educational institution clients, the terms of which are exemplified by Defendant's contract with Lewis University. (Exh. A).

65.     Defendant's Collections Contracts are supported by bargained-for consideration and are entered into between Defendant and its educational institution clients following offer and acceptance of the Collections Contract's definite and certain terms.

66.     The essential and material terms of Defendant's Collections Contracts provide that Defendant must carry out its collections efforts in compliance with all applicable state and federal laws. Specifically, Defendant's Collections Contracts state, in relevant part, that:

> 2) Collector [Defendant] shall promptly undertake, **through proper and lawful means**, the collection of all accounts referred by the Institution without regard to the amount. Collector shall, at a minimum, conform to industry standards concerning adherence to guidelines established by the Fair Debt Collection Practices Act.

(Exh. A, at 1) (emphasis added).

67.     The Collections Contracts also specifically provide that all collection costs must be assessed in compliance with applicable state and federal law:

> Non-federal student loans and/or any other institutional receivables that are placed for collection shall have additional student paid collection costs or Institution fees added **only when permitted by law**.

(*Id.*, at 3) (emphasis added).

68.     Defendant breached the terms of its Collections Contracts when it assessed and attempted to collect unenforceable collection fees and penalty fees in violation of state and federal law as described above.

69.     Plaintiff and the other Class members are intended third-party beneficiaries of Defendant's Collections Contracts with its educational institution clients. By voluntarily agreeing and promising to carry out all collections efforts in compliance with all applicable laws, Defendant and its educational institution clients expressly intended to impose additional obligations on themselves in order to directly benefit Plaintiff and the other Class members, who are explicitly referenced throughout the Collections Contract as "debtors" or "students" of the contracting educational institutions.

70.     As a direct and proximate result of Defendant's breaches of its Collections Contracts described herein, Plaintiff and the members of the Class have suffered actual damages, including payment of unlawful penalty fees, aggravation and inconvenience, and having to waste time, effort, and money on attorney's fees and court costs defending against Defendant's unlawful collection efforts.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other members of the Class, prays that the Court enter an order:

A.     Certifying the proposed Class as defined above and appointing Plaintiff the class representative;

B.     Rescinding all Collections Contracts that Defendant materially breached;

C.     Awarding Plaintiff and the other Class members their actual and consequential damages incurred as a result of Defendant's breaches of its Collections Contracts, including restitution or disgorgement of any and all penalty fees collected in violation of the Collections Contracts; and

D.     Awarding Plaintiff and the other members of the Class such further and additional relief as the Court deems reasonable and just.

## COUNT II
### False, Misleading, and Unfair Acts in Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (on behalf of Plaintiff and the other Class members)

71.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

72.     Congress enacted the FDCPA to prohibit "abusive, deceptive, and unfair debt collection practices" by debt collectors like Defendant. 15 U.S.C. § 1692a.

73.     Plaintiff and the other Class members are "consumers" protected under the FDCPA, because they are natural persons whom Defendant alleges are obligated to pay a debt. *Id.* § 1692a(3).

74.     Defendant is a "debt collector" subject to the FDCPA, because Defendant is engaged in business principally for the purpose of collecting debts, and because Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *Id.* § 1692a(6).

75.     Under § 1692e of the FDCPA, debt collectors like Defendant "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including:

- The false representation of the character, amount, or legal status of any debt or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, *Id.* § 1692e(2);

- Threatening to take any action that cannot legally be taken or that is not intended to be taken,  § 1692e(5); or

- Use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10).

76.     Further, under § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

77.     As described above, in attempting to collect unenforceable penalties from Plaintiff and the other Class members, Defendant committed false and misleading acts in violation of Section 1692e and unfair collection practices in violation of Section 1692f.

78.     Defendant violated the above provisions of the FDCPA by, among other things, falsely representing the character, amount, and legal status of Plaintiff's and the other Class members' purported debts when it added unenforceable penalties to Plaintiff's and the other Class

members' principal balances and misrepresented the penalty fees as part of the total amount owed; falsely representing that Plaintiff and the other Class members owed collection fees in excess of 33% as compensation even when such fees had not been incurred and no legal action had been filed; threatening to take legal action to collect unenforceable penalties that are not recoverable; and using false representations and deceptive means to obtain an entry of default against Plaintiff and others.

79.     Defendant utilizes standardized telephone call scripts and standard form collection letters, and its calls and correspondence to the other Class members contained false statements and misrepresentations that were substantially similar to those made to Plaintiff

80.     Plaintiff brings this claim on her own behalf and on behalf of the other members of the Class pursuant to Section 1692k(a) of the FDCPA, under which Plaintiff prays for an award of actual and statutory damages, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other Class members, prays that the Court enter an order:

A.     Certifying the proposed Class as defined above and appointing Plaintiff the class representative;

B.     Awarding Plaintiff her actual damages;

C.     Awarding statutory damages to Plaintiff and the other Class members;

D.     Awarding Plaintiff her costs and reasonable attorney's fees incurred in bringing this action;

E.     Awarding Plaintiff and the other members of the Class such further and additional relief as the Court deems reasonable and just.

**COUNT III**

**Deceptive Acts in Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (on behalf of Plaintiff and the other Illinois Subclass members, in the alternative to Count I)**

81. Plaintiff incorporates by reference all of the allegations in paragraphs 1 – 61 and 72 – 81 as if fully set forth herein.

82. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act provides in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

83. Plaintiff and the other members of the Illinois Subclass are "consumers" within the meaning of Section 1(e) the ICFA, because Defendant's business activities involve trade or commerce, are addressed to the market generally, and implicate consumer protection concerns.

84. Defendant's conduct in attempting to collect unenforceable penalty fees from Plaintiff and the other members of the Illinois Subclass is a deceptive practice in violation of Section 2 of the ICFA.

85. Through telephone calls, correspondence, and court filings, Defendant misrepresented to Plaintiff and the other Illinois Subclass members that their respective balances included collection fees based on an exorbitantly high percentage of the underlying balance purportedly owed. Although such fees are unlawful under Illinois state law and are thus unrecoverable, Defendant's calls, correspondence, and court filings falsely made it appear that the

Plaintiff and the other Illinois Subclass members owed much more than they were actually obligated to pay.

86.    For instance, in calls and correspondence to Plaintiff, Defendant misrepresented that there was a total "amount due" of $7,345.33. Defendant failed to state, however, that this total amount included a penalty fee based on a flat 33% of the purported underlying balance. Defendant also failed to state that such fee was not actually enforceable, as demonstrated when the court later struck this fee from Lewis University's complaint against Plaintiff. (*See* Exh. E).

87.    Defendant utilizes standardized telephone call scripts and standard form collection letters, and its calls and correspondence to the other Illinois Subclass members contained misrepresentations that were substantially similar to those made to Plaintiff.

88.    Even for those who, like Plaintiff, later learned that a portion of the amount Defendant claimed was an unenforceable penalty fee, Defendant also misrepresented that its fees were meant to reimburse the costs of collection. In reality, however, Defendant's flat fees are calculated at an arbitrary amount that bears no relation to the actual costs of collecting on students' purported debt and often exceeds Defendant's actual collection costs.

89.    Defendant intended that Plaintiff and the other Illinois Subclass members rely on its misrepresentations. Plaintiff and the other Illinois Subclass members were reliant on Defendant to accurately calculate and assert any amounts purportedly due and to truthfully represent its actual collection costs. Defendant knew and understood this when it represented to Plaintiff and the other Illinois Subclass members that they owed a balance that included penalty fees, and Defendant intended that Plaintiff and the other Illinois Subclass members rely on its representations.

90.    Plaintiff and the other Illinois Subclass members did actually rely on Defendant's misrepresentations, and they would have acted differently had they known that Defendant's

penalty fees were unenforceable and not solely for reimbursement. By representing to Plaintiff and the other members of the Subclasses that they owed an overinflated amount of debt, Defendant's misrepresentations affected those students' repayment decisions, as they would not have been willing to pay anything toward an unenforceable or otherwise invalid penalty fee.

91.     Defendant's deceptive acts affect consumers like Plaintiff and the other Illinois Subclass members, as well as the market generally. Defendant's deceptive acts were carried out in the course of trade and commerce with Illinois consumers, as Defendant overcharged Illinois students on unpaid tuition and other education-related expenses and brought lawsuits attempting to collect on unenforceable penalties.

92.     As a direct and proximate result of Defendant's conduct, Plaintiff and the other Illinois Subclass members have suffered actual damages. As stated above, Plaintiff and the other Illinois Subclass members have had to waste time, effort, and money spent on attorney's fees and court costs defending against Defendant's unlawful collection efforts. These damages are concrete and ascertainable, and were proximately caused by Defendant's violations of the ICFA.

93.     Plaintiff brings this claim on her own behalf and on behalf of the other Illinois Subclass members pursuant to Section 10a of the ICFA, which permits Plaintiff to bring a private cause of action for the above violations and entitles Plaintiff and other Illinois Subclass members to actual damages, injunctive relief, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other Illinois Subclass members, prays that the Court enter an order:

A.     Certifying the proposed Illinois Subclass as defined above and appointing Plaintiff the class representative;

B.     Awarding Plaintiff and the other Illinois Subclass members their actual damages in amount to be determined at trial;

C.     Awarding Plaintiff her attorney's fees incurred in bringing this action;

D.     Enjoining Defendant from attempting to collect unenforceable penalty fees as described herein;

E.     Awarding Plaintiff and the other Illinois Subclass members such further and additional relief as the Court deems reasonable and just.

**COUNT IV**
**Unfair Acts or Practices in Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 et seq. (on behalf of Plaintiff and the other Illinois Subclass members, in the alternative to Count I)**

94.    Plaintiff incorporates by reference all of the allegations in paragraphs 1 – 61 and 72 – 94 as if fully set forth herein.

95.    In addition to being deceptive, Defendant's conduct also constitutes "unfair practices" under Section 2 of the ICFA.

96.    Defendant's actions unfairly imposed additional, unlawful costs on Plaintiff and the other Illinois Subclass members. Plaintiff and the other Illinois Subclass members were effectively compelled to pay Defendant its onerous penalty fess or to hire an attorney and incur costs to seek their invalidation, as Defendant would not have been willing to accept a reduced payment otherwise excluding such fees.

97.    By imposing additional, unlawful costs on Plaintiff and other members of the public, Defendant's actions are oppressive, unethical, and unscrupulous, and have caused substantial injury to consumers.

98.    Moreover, Defendant's conduct offends public policy, because it is contrary to Illinois law, namely, the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. (the "ICAA").

- 21 -

99.     Defendant is a "collection agency" subject to the ICAA, because Defendant regularly engages in the collection of a debt in the ordinary course of business. *Id.* § 2.

100.    By attempting to collect unenforceable penalties, and misrepresenting its penalties as part of the underlying balance that Plaintiff and the other Illinois Subclass members purportedly owed, Defendant violated Section 9 of the ICAA, which prohibits Defendant from:

- Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, *Id.* § 9(a)(24);

- Misrepresenting the amount of the debt alleged to be owed, *Id.* § 9(a)(30);

- Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt, *Id.* § 9(a)(31); and

- Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public, *Id.* § 9(a)(35).

101.    Defendant's conduct not only violated Section 9 of the ICAA, it also constitutes an unfair practice under the ICFA. *See Id.* § 9.7 (stating that a knowing violation of Section 9 is enforceable under the ICAA by the Illinois attorney general and is an unlawful practice under the ICFA).

102.    As a direct and proximate result of Defendant's violations of the ICAA and ICFA, Plaintiff and the other Illinois Subclass members have suffered actual damages. As stated above, Plaintiff and the other Illinois Subclass members have suffered aggravation and inconvenience and had to waste time, effort, and money on attorney's fees and court costs defending against Defendant's unlawful collection efforts. These damages are concrete and ascertainable, and were proximately caused by Defendant's unlawful conduct.

103.    Plaintiff brings this claim on her own behalf and on behalf of the other Illinois Subclass members pursuant to Section 10a of the ICFA, which permits Plaintiff to bring a private

cause of action for the above violations and entitles Plaintiff and the other Illinois Subclass members to actual damages, injunctive relief, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other Illinois Subclass members, prays that the Court enter an order:

A.  Certifying the proposed Illinois Subclass as defined above and appointing Plaintiff the class representative;

B.  Awarding Plaintiff and the other Illinois Subclass members their actual damages in amount to be determined at trial;

C.  Awarding Plaintiff her attorney's fees incurred in bringing this action;

D.  Enjoining Defendant from attempting to collect unenforceable penalty fees as described herein;

E.  Awarding Plaintiff and the other Illinois Subclass members such further and additional relief as the Court deems reasonable and just.

**COUNT V**
**Declaratory Judgment, 28 U.S.C. § 2201**
**(on behalf of Plaintiff and the other Class members, in the alternative to Count I)**

104.  Plaintiff incorporates by reference all of the allegations in paragraphs 1 – 61 and 72 – 104 as if fully set forth herein.

105.  28 U.S.C. § 2201(a) provides in relevant part that:

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree . . . .

106.  As part of this litigation, Plaintiff and the other Class members challenge the validity of Defendant's Collections Contracts with its educational institution clients, under which

Defendant is purportedly authorized to seek collections fees in excess of 33% of any underlying student debt. (Exh. A, at 2).

107.    There is an actual, concrete, and present controversy between Plaintiff and the other Class members and Defendant regarding the validity of Defendant's Collections Contracts and the enforceability of the collection fees Defendant assesses under its Collections Contracts' collection fee provision.

108.    Plaintiff's and the other Class members' legal interests are adverse to Defendant's legal interests with respect to the enforcement of the collection fee provision of Defendant's Collections Contracts. Pursuant to this provision, Defendant has sought to impose exorbitant, unlawful collection fees on Plaintiff and the other Class members.

109.    Courts have already stricken Defendant's collection fees as unenforceable penalties, and Plaintiff and the other Class members oppose imposition of such fees and dispute the validity of Defendant's Collections Contracts.

110.    Further, Defendant's Collections Contracts contravene federal law and public policy. Specifically, Defendant's Collections Contracts purport to authorize Defendant to assess collection fees calculated based on an unreasonably large flat percentage of any purported outstanding debt, making the fees disproportionate in light of the actual or anticipated costs of default. As such, the fees merely operate as an improper threat to secure payment from Plaintiff and the other Class members.

111.    Moreover, because Defendant's collection fees greatly exceed its actual costs of collection, Defendant's attempts to recover such fees often improperly result in a windfall to Defendant. In many instances, Defendant imposes fees in excess of 33% on students before even

initiating a lawsuit to collect any purported debt, before incurring significant costs of collection, and without a court order approving such fees.

112.    Because Defendant's Collections Contracts are made in violation of state and federal law designed to protect the public, Defendant's Collections Contracts offend public policy and are void and unenforceable, and Defendant may not lawfully collect monies purportedly due under such Contracts.

113.    The validity of Defendant's Collections Contracts and the enforceability of Defendant's penalty fees assessed under such Contracts are justiciable and are proper subjects for declaratory relief. The Court's determination of this issue will aid in the termination of the controversy between Plaintiff and the other Class members and Defendant.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other members of the Class, prays that the Court enter an order:

A.    Certifying the proposed Class as defined above and appointing Plaintiff the class representative;

B.    Declaring that the collection fee provision of Defendant's Collections Contracts purportedly authorizing Defendant to seek penalty fees in excess of 33% of any underlying balance is invalid and unenforceable;

C.    Declaring that Defendant's Collections Contracts are unlawful and void, and that all monies collected by Defendant pursuant to such Collections Contracts shall be disgorged and remitted;

D.    Awarding Plaintiff and the other members of the Class actual damages incurred as a result of Defendant's unlawful efforts to collect on or enforce the unlawful penalty

- 25 -

fees, including restitution of any and all monies collected pursuant to Defendant's unlawful collection fee provision; and

E.     Awarding Plaintiff and the other members of the Class such further and additional relief as the Court deems reasonable and just.

## COUNT VI
### Wrongful Garnishment
### (on behalf of Plaintiff and the other Wrongful Garnishment Subclass Members)

114.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

115.     Defendant, acting through its attorneys, wrongfully initiated civil actions and wage deduction proceedings against Plaintiff and the other Wrongful Garnishment Subclass members to collect purported debts on behalf of its educational institution clients.

116.     Defendant's initiation of such proceedings was willful, malicious, and fraudulent and without probable cause. For instance, in the proceedings that Defendant initiated against Plaintiff, Defendant served Plaintiff with a summons directing her to appear by 2:30p.m. on February 17, 2016. Plaintiff did so appear, but Defendant nonetheless misled the court, falsely represented that Plaintiff had not appeared, and improperly obtained an entry of default and default judgment against Plaintiff. In addition, Defendant initiated wage deduction proceedings and sent correspondence to Plaintiff's employer directing it to "[i]mmediately begin deductions from the [Plaintiff's] pay." (Exh. C).

117.     The civil proceedings initiated against Plaintiff and the other Wrongful Garnishment Subclass members were terminated in their favor. For example, in Defendant's action against Plaintiff, the entry of default and default judgment against Plaintiff were vacated and the wage garnishment proceedings were dismissed. (Exh. D).

118.     As a result of Defendant's wrongful initiation of proceedings against Plaintiff and the other Wrongful Garnishment Subclass members, Plaintiff and the other Wrongful Garnishment Subclass members have suffered actual and special damages, including legal fees and costs they would not have otherwise had to incur, humiliation, mental anguish and suffering, and the wrongful seizure of their property in the form of the garnishment or withholding of their wages.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other members of the Wrongful Garnishment Subclass, prays that the Court enter an order:

A.     Certifying the proposed Wrongful Garnishment Subclass defined above and appointing Plaintiff the class representative;

B.     Awarding Plaintiff and the other members of the Wrongful Garnishment Subclass their actual and special damages incurred as a result of Defendant's wrongful initiation of civil proceedings against them; and

C.     Awarding Plaintiff and the other members of the Wrongful Garnishment Subclass such further and additional relief as the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 26, 2018                    Respectfully Submitted,

CRYSTAL BURDETTE-MILLER,
individually and on behalf of similarly
situated individuals

By: /s/ *Paul T. Geske*
One of her attorneys

Myles McGuire
Paul T. Geske
David Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.

Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the putative class*